## ORANGE COUNTY HEALTH CARE AGENCY

v.

## Colleen DODGE and Wayne Miller for Themselves and On Behalf of Their Minor Child, L.M.

### No. SACV 10–1689 AG (MLGx).

United States District Court, C.D. California, Southern Division.

May 31, 2011.

Michelle L. Palmer, Office of County Counsel County of Orange, Santa Ana, CA, for Plaintiff.

Rebecca Sorgen Leeds, Office of County Counsel County of Orange, Santa Ana, CA.

Kathleen Muraco Loyer, Kathleen M. Loyer Law Offices, San Clemente, CA, for Defendants.

**Proceedings: [IN CHAMBERS] ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS CROSS–APPEAL AND DENYING DEFENDANTS' REQUEST FOR LEAVE TO AMEND**

ANDREW J. GUILFORD, District Judge.

Perhaps the star-crossed lover would have had some advice about the motion currently before the Court.

JULIET:

What's in a name? that which we call a rose By any other name would smell as sweet; So Romeo would, were he not Romeo call'd, Retain that dear perfection which he owes Without that title. Romeo, doff thy name, And for that name which is no part of thee Take all myself.

WILLIAM SHAKESPEARE, ROMEO AND JULIET, act 2, sc. 2.

Instead of roses and Romeos, the Court now faces cross-appeals and counterclaims. And so we consider the case before us. Here, Orange County Health Care Agency is the Plaintiff/Cross–Appellee/Counter-Defendant ("Plaintiff" or "OCHCA"). Colleen Dodge and Wayne Miller are the Defendants/Cross–Appellants/Counter-Claimants ("Defendants" or "Parents"). Plaintiff filed a Complaint ("Complaint") seeking reversal of a due process administrative decision. Defendants then filed what they call a "Cross–Appeal of Administrative Hearing Decision" ("Cross–Appeal" or "C–A," or, later, "Counter–Complaint") with four counterclaims. Plaintiff filed a Motion to Dismiss the "Cross–Appeal" and Counterclaims ("Motion"). Besides opposing the Motion, Defendants filed a questionable Request for Leave to Amend as part of a filed First Amended Cross–Appeal.

After considering all the papers and arguments submitted, the Court DENIES in part and GRANTS in part Plaintiff's Motion to Dismiss. The Court also DENIES Defendants' Request for Leave to Amend.

*BACKGROUND*

The Court finds that it should take as true the following factual allegations from the Defendants' Cross–Appeal.

Student, L.M., ("Student") is a sixteen-year-old child with special needs. (C–A ¶ 11.) She has not attended public school since 2001. (C–A ¶ 13.) In 2008 and 2009, two private school placements failed due to her mental health deterioration. (C–A ¶¶ 14, 15, 18.) When the second placement failed, she was admitted to the Aspen Institute for Behavioral Assessment ("Aspen Assessment"). (C–A ¶ 19.) Multiple psychiatrists have recommended a therapeutic residential placement for her. (C–A ¶ 20.) Despite the psychiatrists' recommendations, her individualized education program ("IEP") did not have a school service plan. (C–A ¶ 22.) Parents asked the IEP team to reconsider due to Student's dire situation but the IEP team declined to reconsider. (C–A ¶ 24.) Even though OCHCA was aware of Parents' plan to unilaterally place Student at a residential facility, OCHCA did not offer a formal service plan to Student. (C–A ¶ 26.) Parents filed a request for a Due Process Hearing and also sought residential placement. (C–A ¶¶ 29, 30.) The due process hearing took place over three days in March and April 2010. (C–A ¶ 34.) Parents also arranged a trial stay at Waterfall Canyon Academy

("Waterfall"), which proved successful and was converted into a permanent placement. (C–A ¶¶ 31, 32, 33.)

The Administrative Law Judge ("ALJ") issued a decision on August 9, 2010, on the following single issue:

> Did OCHCA deny Student a free appropriate public education (FAPE) in the individualized education program (IEP) offers dated June 5, 2009, July 23, 2009, and July 30, 2009, by failing to offer or provide Student with placement in a residential treatment center (RTC) and appropriate services to address Student's severe emotional disturbance?

(C–A ¶ 36, Ex. 1, pg. 2.)

The ALJ ruled in favor of Student (C–A ¶ 37, Ex. 1, pg. 24), and OCHCA was required to reimburse Parents for the Waterfall placement (C–A ¶ 37, Ex. 1, pg. 22–23). But OCHCA was not required to reimburse for the Aspen Assessment. (C–A ¶ 37, Ex. 1, pg. 22.) The parties had 90 days, until November 9, 2010, to challenge the decision. (C–A ¶ 37, Ex. 1, pg. 24.)

On November 4, 2010, Plaintiff filed its Complaint seeking orders reversing the ALJ's determination that Plaintiff denied Student a FAPE, declaring Plaintiff the prevailing party, denying Defendants reimbursement for the Waterfall placement, and granting Plaintiff attorney fees. (Complaint 21–22.) On November 30, 2010, after the November 9, 2010 deadline for appeal, Defendants filed an Answer to the Complaint, a Cross–Appeal seeking reimbursement for Aspen Assessment, and Counterclaims for violation of the Rehabilitation Act of 1973, the Civil Rights Act, and the Unruh Act, as well as attorney fees. (C–A ¶¶ 8–10.)

As noted previously, Plaintiff then filed its Answer to Defendants' Counterclaim for attorney fees, as well as a Motion to Dismiss Cross–Appeal and all other Counterclaims. Defendants filed an Opposition to the Motion, as well as a First Amended Cross–Appeal, which included in its body a Request for Leave to Amend. Finally, Plaintiff filed an Opposition to the Request for Leave to Amend and a Reply to Defendant's Opposition.

The Court now addresses the Motion to Dismiss the Cross–Appeal and counterclaims, and the Request for Leave to Amend.

### LEGAL STANDARD

**1. FED. R. CIV. P. 12(b)(1)**

 Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. FED.R.CIV.P. 12(b)(1). Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir.2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted)).

**2. FED. R. CIV. P. 12(b)(6)**

 A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. FED. R.CIV.P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). " '[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences

from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.,* 607 F.3d 583, 585 n. 3 (9th Cir.2010).

 But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* 129 S.Ct. at 1940 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.,* or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). The Ninth Circuit recently stated that a complaint must be (1) "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and (2) "sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca,* 633 F.3d 1191, 1204 (9th Cir.2011).

### 3. DISMISSAL WITHOUT LEAVE TO AMEND

 Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003) (citing *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996)); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000); *Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991).

*ANALYSIS*

Plaintiff now moves to dismiss the Cross–Appeal on two grounds. The Court looks first at Plaintiff's argument that the Cross–Appeal is barred by Rule 12(b)(1), and then addresses Plaintiff's argument that the Cross–Appeal should be dismissed under Rule 12(b)(6).

### 1. PLAINTIFF'S MOTION TO DISMISS CROSS–APPEAL UNDER FED. R. CIV. P. 12(b)(1)

Plaintiff argues that the Court lacks subject matter jurisdiction over Defendants' Cross–Appeal because it was untimely filed. (Motion 5:16–17.) Since an appeal from the administrative decision had to occur within 90 days of August 9, 2010, Plaintiff argues that Defendants' Cross–Appeal is barred by the statute of limitation under 20 U.S.C. § 1415(i)(2)(B). (Motion 6:9–11.) The 90 days expired before Defendants' filing of their Cross–Appeal.

To establish jurisdiction, Defendants argue that either (1) Plaintiff's Complaint constitutes an original civil action under the Individuals with Disabilities Education Act ("IDEA") governed by Fed.R.Civ.P. 13 (Opp. 9–13), or in the alternative that (2) Plaintiff's Complaint should be construed as a motion to alter or amend judgment governed by Fed.R.Civ.P. 59 (Opp. 13–15). In either case, Defendants argue that Plaintiff's institution of the lawsuit tolled the statute of limitations. (Opp. 15–17.)

Plaintiff's Reply disputes the characterization of its Complaint as a motion to alter or amend judgment. (Reply 2:7–17.) Furthermore, Plaintiff argues that Defendant's Cross–Appeal is an appeal and not a counter-complaint. (Reply 2:21–4:26.)

The Court now addresses Defendants' first jurisdictional argument that the Complaint is an original civil action.

### 1.1. Whether Plaintiffs Complaint Constitutes an Original Civil Action under IDEA

■ The parties argue over the meaning of 20 U.S.C. § 1415, which states in part: "Any party aggrieved by the findings and decisions [...] shall have the right to bring *a civil action* [...] in a district court of the United States...." 20 U.S.C. § 1415(i)(2)(A).

Defendants rely on *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380 (4th Cir.2000), in arguing that the present action is an original civil action and not an appeal. (Opp. 10–13.) But Plaintiff wants the present action characterized as an appeal and cross-appeal. (Motion 5:16–17, 6:1–3, 6:9–11; Reply 2:19–20, 4:15–18.) Plaintiff asks the Court to consider *Katherine G. v. Kentfield Sch. Dist.*, 261 F.Supp.2d 1159 (N.D.Cal.2003) and reject the analysis in *Kirkpatrick*. (Reply 3:2–4:9.)

The Court finds both *Kirkpatrick* and *Katherine G.* helpful in resolving the issues, although neither are binding on this Court.

In *Kirkpatrick*, the parents timely appealed a decision by an administrative law judge, while the county filed its "Answer and Appeal" outside the required time frame. *Kirkpatrick*, 216 F.3d at 382. The parents moved to dismiss the county's action as an untimely appeal. *Id.* The district court denied the motion, characterizing the county's filing as a compulsory counterclaim under FED.R.CIV.P. 13(a). *Id.* at 383. The Fourth Circuit affirmed. *Id.* at 388. The Fourth Circuit's analysis is extensive and worth summarizing.

In deciding that an action under § 1415(i)(2)(A), like the Complaint here, is an "original civil action" and not an "appeal," the Fourth Circuit first looked to the statutory language, which refers to a "civil action," not an "appeal." *Id.* at 383–84. This contrasts with § 1415(g), which specifically authorizes an appeal to a state review officer. *Id.* at 384. The court found further support in the remedies authorized by § 1415(i)(2)(C), which allows for hearing of new evidence and also authorizes the district court to choose appropriate relief. *Id.* (The court references an earlier version of the statute with different numbering but the relevant content of the statute remains identical.) "Thus, a district court does not simply affirm, reverse, or vacate the decision of the state administrative agency. Instead it offers its own independent *de novo* review and conclusion." *Id.* Lastly, the court found that principles of federalism require IDEA actions to be characterized as original civil actions. *Id.* at 386. Based on these reasons, the court concluded that "while a federal district court may review a state review officer's decision and even defer to that decision, the federal district court does not sit as an appellate court." *Id.* at 387. Thus, an action in this Court under the IDEA is properly characterized as a "original civil action," and the deadlines for filing are set by Fed.R.Civ.P. 13, not § 1415(i)(2)(B).

Contrary to Plaintiff's assertion, the court in *Katherine G.* does not disagree with *Kirkpatrick* on this point. In *Katherine G.*, it was the child who filed a timely IDEA due process hearing appeal, while the school district filed its counterclaim outside the time frame. The child argued that the district's claim was barred as untimely. *Katherine G.*, 261 F.Supp.2d at 1183. The court ultimately disagreed. *Id.* at 1188. The court had this to say about *Kirkpatrick*:

> The [c]ourt agrees with [the school district] that much of the reasoning and conclusions of *Kirkpatrick* is squarely on point and persuasive. It cannot be denied that the procedural facts of *Kirkpatrick* are materially identical to those in the instant case for purpose of the

inquiry into whether [the school district's] counterclaim was timely filed. Further, the [c]ourt agrees, and [the child] does not dispute, that the [d]istrict's counterclaim under § 1415(i)(2) *is an original civil action, rather than an appeal.*

*Id.* at 1185 (emphasis added).

While the *Katherine G.* Court does not adopt *Kirkpatrick* in its entirety, the court agreed that an action under § 1415(i)(2) is an "original civil action."

Citing *Kirkpatrick*, the Ninth Circuit has agreed that IDEA actions are civil actions. In *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir.2006), the court rejected the argument that IDEA actions are appeals not governed by the Federal Rules of Civil Procedure. The court wrote: "There is no basis for concluding that IDEA actions are not of a civil nature simply because they have an appellate flavor in some respects." *Id.*

The Court agrees with the extensive reasoning in *Kirkpatrick*, just as the *Katherine G.* court did. The Court finds that Plaintiff's Complaint constitutes an original civil action, and the § 1415(i)(2)(B) deadline for appeals doesn't apply. FED. R.CIV.P. 13 governs Defendants' Cross–Appeal, which is more properly called a counter-complaint (now referred to as "Counter–Complaint"). And it must follow, as the night the day, that our "Rose" is no longer a Rose. *But see* Gertrude Stein, *Sacred Emily, in* GEOGRAPHY AND PLAYS 178 (1922) ("Rose is a rose is a rose.").

### 1.2. Whether Defendants' Cross–Appeal is a Compulsory Counterclaim

■ Having determined that claims under § 1415(i)(2) are "original civil actions," the Court has to decide next whether Defendants' Counter–Complaint (namely, the Cross–Appeal) is compulsory under FED. R.CIV.P. 13(a).

FED.R.CIV.P. 13(a)(1)(A) defines a compulsory counterclaim as a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Rule 13(c) states that "[a] counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount and differs in kind from the relief sought by the opposing party."

Here, do the claims and counterclaims arise out of the same transaction or occurrence?

Again, *Kirkpatrick* provides a good starting point for the analysis. The parent in *Kirkpatrick* sought reimbursement of *private school tuition costs*, which she was denied during the administrative hearing. *Kirkpatrick*, 216 F.3d at 382. The county Board of Education sought a judgment denying the parent reimbursement for *independent educational evaluations*, which the Board of Education had been ordered to provide. *Id.* The Fourth Circuit reasoned, "[p]ursuant to [FED.R.CIV.P. 13(a)], the Board's counterclaim was compulsory because it arises from the same administrative hearing and review officer's decision, involves the same child and school district, and evokes consideration of the same law." *Id.* at 387–88; *see also Yates v. Washoe Cnty. Sch. Dist.*, No. 03:07–CV–00200–LRH–RJJ, 2007 WL 3256576, at *2 (D.Nev. Oct. 31, 2007) (holding that a "cross-appeal and counterclaim is properly categorized as a compulsory counterclaim because it arises from the same administrative proceeding, involves the same child and school district, and evokes consideration of the same law").

Even the court in *Katherine G.*, engaging in a slightly different analysis as discussed in Section 1.3, reaches the same

result. "Here, [the child's] claim and the [d]istrict's counterclaim arise from the same transaction: the [hearing officer's] [d]ecision. They also concern the same child and school district and evoke consideration of the same law." *Katherine G.*, 261 F.Supp.2d at 1187.

Here, Plaintiff seeks, among other things, orders reversing the ALJ's determination that they denied the child a FAPE, declaring Plaintiff the prevailing party, denying Parents reimbursement for the Waterfall placement, and granting attorney fees. (Complaint 21–22.) Defendants' Counter–Complaint seeks reimbursement for a behavioral assessment, the Aspen Assessment, which the ALJ had denied. (Cross–Appeal 38.) Because these claims arise out of the same ALJ's decision, concern the same child and school district, and evoke considerations of the same law, they are compulsory counterclaims.

### 1.3. Timeliness

■ Lastly, the Court has to decide whether Defendants timely filed their compulsory counterclaims.

The Fourth Circuit in *Kirkpatrick* explicitly relied on Fourth Circuit law when it held that the county's compulsory counterclaim was timely filed. "In this circuit a compulsory counterclaim relates back to the time of the filing of the plaintiffs complaint." *Kirkpatrick*, 216 F.3d at 388. It is this explicit reliance on Fourth Circuit law that led to the Northern District of California declining to adopt the ultimate holding of *Kirkpatrick*. *Katherine G.*, 261 F.Supp.2d at 1185.

In *Katherine G.* the child had argued "that the 'true test' distinguishes between recoupment counterclaims that are defensive in nature and independent counterclaims seeking affirmative relief." *Id.* at 1186. Even though the court rejected that this was the true test, it examined whether the school district's claim was for recoupment, which it was. *Id.* Since claims for recoupment relate back to the date of the filing of the original complaint, the court found the claim timely. *Id.*

Here, Defendants did not contend that their Counterclaim was for recoupment, and thus, *Katherine G.* is inapplicable. Instead, Defendants argue that Plaintiff's institution of this lawsuit tolled the statute of limitations. (Opp. 15–17.) At least one court within the Ninth Circuit has adopted this argument. The court in *Yates v. Washoe County School* reiterated that the Ninth Circuit has not addressed this tolling issue, but went on to say: "[T]he majority of courts to address the issue have concluded that a plaintiffs institution of a suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim." *Yates*, 2007 WL 3256576 at *2 (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1419 (2d ed. 1990)). The court agreed with the majority view as well *Kirkpatrick* and held that the claims were timely filed. *Id.*

The Court agrees with *Yates* and *Kirkpatrick* that Plaintiff's Complaint tolled the statute of limitations. Thus, because the Complaint was timely, Defendants timely filed their compulsory Counter–Complaint. Since the Court concludes that Defendants' Rule 13 argument is successful, the Court does not address Defendants' alternative Rule 59 argument.

Accordingly, Plaintiff's 12(b)(1) Motion to Dismiss is DENIED.

### 2. PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)

Plaintiff also seeks to dismiss four counterclaims under Rule 12(b)(6): (1) Defendant's claim for reimbursement of

the Aspen Assessment; (2) Defendant's Rehabilitation Act claim; (3) Defendant's 42 U.S.C. § 1983 claim; and (4) Defendant's Unruh Act claim. Defendants' claim for attorney fees is not subject to the Motion to Dismiss.

### 2.1. Defendants' First Claim for Relief

Plaintiff argues that Defendants' first counterclaim for relief, seeking reimbursement for the Aspen Assessment, is barred by the doctrine of res judicata. (Motion 7:20–22.) According to Plaintiff, Parents are simply trying to re-litigate a portion of the underlying Due Process Hearing. (Motion 7:15–16.)

■ Generally, res judicata, or "claim preclusion," bars claims where (1) a prior lawsuit involved the same claims; (2) there was a final judgment on the merits of the first lawsuit; and (3) there is privity between the two parties in both lawsuits. *Frank v. United Airlines*, 216 F.3d 845, 850 (9th Cir.2000). But this doctrine seems inappropriate as applied to a case under 20 U.S.C. § 1415.

As noted above, § 1415(i)(2)(A) expressly provides aggrieved parties with the right to bring an "original civil action" in the district court. Further, § 1415(i)(2)(C) authorizes the district court to hear new evidence and provide relief as deemed appropriate. It's hard to see how § 1415 does not give the parties a right to re-litigate parts of the ALJ's decision. Further, applying Plaintiffs logic about res judicata would bar Plaintiff's own claims, as they seek to re-litigate the ALJ's decision.

Accordingly, Plaintiff's Rule 12(b)(6) Motion to Dismiss as to Defendants' first counterclaim for relief is DENIED.

### 2.2. Defendants' Second Through Fourth Counterclaims for Relief

■ Plaintiff argues that Defendants' second through fourth counterclaims for relief are insufficiently pleaded to state a claim. (Motion 7:6–8.) Defendants summarily allege that failure to provide a FAPE constitutes a violation of § 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and the Unruh Act. (C–A ¶ 9.) The Court agrees with Plaintiff that Defendants' allegations do not satisfy the *Iqbal* and *Twombly* standard. But the Court finds that the shortcomings could be cured by amendment.

Accordingly, Plaintiff's 12(b)(6) Motion to Dismiss as to Defendants' second through fourth counterclaims for relief is GRANTED with leave to amend.

### 3. DEFENDANTS' REQUEST FOR LEAVE TO AMEND

■ After Plaintiff had filed their Motion to Dismiss, Defendants filed a First Amended Cross–Appeal. Included in the First Amended Cross–Appeal was a paragraph entitled "Request for Leave to Amend." Plaintiff filed an Opposition to this request. Defendants did not file a properly noticed motion for leave to amend before filing the First Amended Cross–Appeal. Since such a request should be made through a properly noticed motion, Defendant's Request for Leave to Amend is DENIED and the first amended Cross–Appeal is STRICKEN.

### DISPOSITION

Plaintiff's Rule 12(b)(1) Motion to Dismiss is DENIED. Plaintiff's Rule 12(b)(6) Motion to Dismiss is DENIED as to Defendants' first counterclaim and GRANTED as to Defendants' second through fourth counterclaims with leave to amend. Defendants' Request for Leave to Amend is DENIED. Defendants have 14 days

from the date of this order to file an amended Cross–Complaint.

Because Defendants have leave to amend their Cross–Complaint, the Court again CONTINUES the current briefing schedule. Opening briefs are now due June 27, 2011, and responsive briefs are due July 11, 2011, whereupon the matter stands submitted. The parties may request a further continuance of the briefing deadlines if necessary. The Court will set the matter for a hearing or further briefing as needed.